UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AYMIE LYNNE HARRIS,**

    Plaintiff,

v.     Case No. 6:21-cv-2107-NPM

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## ORDER

Plaintiff Aymie Lynne Harris requests a fee and cost award pursuant to EAJA. 28 U.S.C. § 2412(d).

On March 9, 2022, the Commissioner sought remand. (Doc. 20). The court granted the motion, and pursuant to sentence four of 42 U.S.C. § 405(g), the court reversed the decision of the Commissioner and remanded the case. (Doc. 24). Final judgment was entered the next day. (Doc. 25). Now, Harris requests an attorney's fee award of $579.46, plus $402 in costs. (Doc. 26, pp. 8-9).

To receive an award of fees and costs under EAJA, the following five conditions must be established: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must

not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption of reasonableness. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

The reasonable hourly rate is "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rate must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

After review, the 2.6 hours plaintiff counsel spent appealing this matter is reasonable. (Doc. 26, pp. 10-11). However, plaintiff counsel failed to demonstrate the prevailing market rate for the legal services provided. *See Mraz v. I.C. Sys., Inc.*, 2:18-cv-254-FtM-38NPM, 2021 WL 4086147 (M.D. Fla. Aug. 23, 2021) (discussing what is and is not competent proof of market rates). And while plaintiff counsel did cite to the cost-of-living adjustment to substantiate the requested hourly rate of $217.53 for the year 2021 and $229.10 for the year 2022, this alone is generally insufficient. As such, the court would be well within its discretion to award plaintiff counsel the EAJA cap of $125 per hour. *See Bookman v. Comm'r of Soc. Sec.*, 490 F.App'x 314, 317 (11th Cir. 2012). Nevertheless, the court is an expert in the applicable market rate, *see Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)), and the requested rates are reasonable.

Harris also seeks $402 in costs for the filing fee. (Doc. 26, p. 8). Pursuant to 28 U.S.C. § 2412 and as enumerated in 28 U.S.C. § 1920, this cost is taxable.

Accordingly, the unopposed petition for attorney's fees under EAJA (Doc. 26) is **GRANTED** and the court awards $981.46 in attorney's fees and costs. The award may be paid directly to plaintiff counsel, if the United States Department of Treasury determines that no federal debt is owed by Harris. (Doc. 26-1).

- 4 -

Ordered on July 14, 2022.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

- 4 -